PERCY A. YALDEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38505. Promulgated July 29, 1930.

*J. R. Little, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

374

OPINION.

SMITH: The question presented by this proceeding is whether the earned-income credit of the petitioner for 1925 should be computed on an amount of $20,000, or whether it should be limited to the income attributable solely and entirely to his personal efforts without the assistance of others, subject to the statutory minimum of $5,000.

The section of the statute involved in this proceeding is section 209 of the Revenue Act of 1926, effective as of January 1, 1925, which reads in part:

(a) For the purposes of this section—

(1) The term "earned income" means wages, salaries, professional fees, and other amounts received as compensation for personal services actually rendered, but does not include that part of the compensation derived by the taxpayer for personal services rendered by him to a corporation which represents a distribution of earnings or profits rather than a reasonable allowance as compensation for the personal services actually rendered. In the case of a taxpayer engaged in a trade or business in which both personal services and capital are material income producing factors, a reasonable allowance as compensation for the personal services actually rendered by the taxpayer, not in excess of 20 per centum of his share of the net profits of such trade or business, shall be considered as earned income.

(2) The term "earned income deductions" means such deductions as are allowed by section 214 for the purpose of computing net income, and are properly allocable to or chargeable against earned income,

(3) The term "earned net income" means the excess of the amount of the earned income over the sum of the earned income deductions. If the taxpayer's net income is not more than $5,000, his entire net income shall be considered to be earned net income, and if his net income is more than $5,000, his earned net income shall not be considered to be less than $5,000. In no case shall the earned net income be considered to be more than $20,000.

It is the contention of the respondent that the term "earned income" as defined by the statute does not include the fees charged and received by the petitioner for accounting services; that the amounts so received are not compensation for personal services actually rendered within the meaning of the statute. The petitioner contends to the contrary.

The only regulations which the respondent has promulgated to carry into effect these provisions of the Revenue Act of 1926 are articles 1661 and 1662 of Regulations 69. These regulations add nothing to the plain terms of the statute, although in article 1662 it is provided:

* * * No general rule can be laid down defining the trades or businesses in which personal services and capital are material income-producing factors, but this question must be determined with respect to the facts of the individual cases.

In S. M. 4088, C. B. IV-2, p. 26, it is stated that:

The difficulty of defining earned income and administering the definition to the individual cases was fully realized at the time the Revenue Act of 1924 was being prepared. The chairman of the Ways and Means Committee of the House of Representatives, in his explanation of the new provisions of the bill, stated:

"The committee had a great deal of difficulty with the definition of earned income, and there has been much objection to it on the ground that it would not apply to such persons as farmers, small shopkeepers, and others whose income is derived partly from their own personal services and partly from capital. The committee found no way to make a satisfactory definition which would in such cases draw the line with reference to earned income and which could be administered by the Government. (All the Government experts testified that no definition could be formulated which could be administered.) In order to avoid any difficulty in that respect and to do as nearly justice as it was possible to do under the circumstances, the committee inserted this provision, that all net income under $5,000 should be regarded as earned income. It did this in the belief that this would take care of the farmer, small shopkeeper, and a number of others who used a certain amount of capital and also contributed their own personal services in such a way that they were inextricably mixed so far as the returns were concerned, but in fairness were entitled to a reduction in their taxes, as a large portion of their income was earned."

Section 209 (a) of the Revenue Act of 1926 is identical with the same section of the Revenue Act of 1924 and the language above quoted from the report of the Ways and Means Committee is equally applicable to that language. It may further be noted that the pro-

visions of the Revenue Act of 1928 with respect to the definition of earned income and the application of earned-income credit is in points here material like those of the Revenue Act of 1926.

Apparently to correct the practice of the Bureau with respect to the determination of the earned income on professional fees under the Revenue Act of 1928, the respondent promulgated It-Mim. Coll. No. 3802, R. A. No. 550, April 11, 1930, and provided therein in part as follows:

Under Section 31 of the Revenue Act of 1928 an individual is entitled to claim against the tax computed on his net income a credit of 25 per cent of the tax which would be payable if his earned net income constituted his entire net income. Earned income under the statute means wages, salaries, professional fees, and other amounts received as compensation for personal services actually rendered.

Under existing rulings it has been held that professional fees in order to constitute earned income must be received as compensation for personal services actually rendered and in some instances taxpayers performing professional services who employ assistants in their offices have been denied the right to include all of the professional fees up to the statutory limit of $30,000 as earned income. In IT-Mimeograph, Coll. No. 3471, R. A. No. 385, dated October 25, 1926, the following statement appears: " If the business requires only a nominal capital and the income is derived principally from professional services of the taxpayer, as a doctor or a lawyer, the entire profits, not exceeding $20,000 ($30,000 under Revenue Act of 1928) may be considered as earned income. * * * If a taxpayer is engaged in the practice of a profession on his own account and employs an assistant over whom he exercises only a perfunctory supervision, the profits resulting from the labor of such assistant cannot be regarded as earned income by the employer unless his total net income is less . than $5,000." It was not intended to deny the taxpayer the right to consider the entire amount received as professional fees as earned income if the taxpayer is engaged in a professional occupation such as a doctor or a lawyer, even though the taxpayer employs assistants who perform part or all of the services, provided the client or patient is that of the taxpayer and looks to the taxpayer as the responsible person in connection with the services performed.

This ruling will also apply to income received as professional fees from a professional partnership even though the partnership employs assistants who work on a salary basis provided the clients or patients are that of some active member of the partnership and look to some active member of the partnership as responsible for the services performed.

This ruling should not be construed as applying to " any trade or business " in which both personal services and capital are material income-producing factors.

In his brief, counsel for the respondent admits that the evidence in the record amply supports the petitioner's position that capital was not a material income-producing factor.

We think that it was clearly the intention of Congress to consider as earned income the fees charged by a professional man such as a physician or an accountant, especially where the professional man

devotes at least a part of his time to the work going out from his office. This is clearly the situation in the instant proceeding. The amounts paid by the petitioner's clients were paid as compensation for personal services actually rendered at least in part by the petitioner. We think in the circumstances of this proceeding there can be no substantial question that the fees represented compensation for personal services actually rendered by the petitioner. We are, therefore, of the opinion that the petitioner is entitled to have the earned-income credit computed upon his earned income for 1925 up to the amount of $20,000.

*Judgment will be entered under Rule 50.*